MATTER OF CEBALLOS

In Visa Petition Proceedings

A-22324968

*Decided by Board June 13, 1979*

(1) A religious marriage in Colombia has the same validity as a civil marriage. *Matter of Duran-Montoya,* 10 I. & N. Dec. 767 (BIA 1963), reaffirmed.

(2) A beneficiary previously married in a religious ceremony in Colombia is not free to marry again absent proof that the marriage has been dissolved, since the religious marriage is valid under the law of Colombia.

ON BEHALF OF PETITIONER: Raymond Campos, Esquire
Vivero and Campos
304 S. Broadway, #310
Los Angeles, California 90013

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The United States citizen petitioner applied for immediate relative status for the beneficiary as her husband under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. 1151(b). In a decision dated August 4, 1978, the District Director denied the petition on the ground that the beneficiary was not free to marry the petitioner since he had entered into a prior undissolved marriage. The petitioner has appealed. The appeal will be dismissed.

The petitioner is an 18-year-old native and citizen of the United States. The beneficiary is a 23-year-old native and citizen of Colombia. The parties were married on December 11, 1977, at Las Vegas, Nevada. The beneficiary had previously been married in a religious ceremony in Colombia and had one child through that marriage.

On appeal, the petitioner claims that the beneficiary's previous marriage was invalid because it was a coerced religious marriage and that Colombia requires all marriages to be performed by a civil judge. Since this is not the case, it is claimed, the present marriage is valid and the visa petition should be approved.

The petitioner has provided translations of the Civil Code of Colombia as evidence that only civil marriage is valid in Colombia. These translations indicate that certain procedures must be followed for a civil mar-

riage to be valid. They do not, however, show that religious ceremonies are not valid. When this question was previously raised, the Board found that a religious marriage would be valid in Colombia and that various types of proof were available to show such a marriage. *Matter of Duran-Montoya,* 10 I. & N. Dec. 767 (BIA 1963). A recent communication from the Library of Congress indicates that the law of Colombia has not changed in this regard.[1] We consequently find that the beneficiary was previously married and that no proof of the dissolution of this prior marriage has been provided. Since this is the case, the beneficiary was not free to marry the petitioner and the visa petition cannot be approved. The appeal will consequently be dismissed.

ORDER: The appeal is dismissed.

## ADDENDUM

### RELIGIOUS MARRIAGE

#### Colombia

The following are the facts of this case: two Colombia citizens were married in Colombia in a religious ceremony on August 2, 1976. The parties concerned contend that since 1975 the Civil Code of Colombia has required that all marriages be performed by civil judges and that religious marriages after that time have not been permitted. The requester therefore asks whether the law on religious marriage in that country has changed.

According to the letter of inquiry, the parties, object, of this inquiry contracted a religious marriage in 1976. For the purposes of this report we are assuming that the marriage was performed under the rites of the Catholic Church. Marriage under Catholic Church rites is subject to the following statutes:

1) *Law 57 of April 15, 1887.*[1] Concerning Catholic marriages, this law provides:

Art. 12. For all civil and political effects, marriage celebrated according to the Catholic rites are valid.

Art. 19. The provisions contained in article 12 [of this law] have retroactive effects. Catholic marriages performed at any time shall produce civil and political effects as of the time of promulgation of this law.

Art. 50. Marriages celebrated in the Republic at any time, in accordance with the Catholic rites, are legitimate and from the moment of administering the sacrament will be civilly and politically effective. . . .

2) *The Concordat.* A new Concordat with the Holy See, signed in Bogota on July 12, 1973, approved by Law 20 of December 18, 1974,[2] provides:

---

[1] A copy of the report is attached as an addendum to this order.

---

[1] *In* J. Ortega Torres, *Código Civil* [12th ed. Editorial Temis. Bogotá, 1977] at 1153–62.

[2] *Diario Oficial,* January 14, 1975, in force as of same date.

*Art. 7.* The State acknowledges full civil effects to marriages performed pursuant to the norms of the canon law. In order to make effective this acknowledgment, the competent ecclesiastic authority shall furnish an authentic copy of the corresponding [marriage] act to the official of the State who shall transcribe it in [the Office] of the Civil Registry.

A final protocol to this Concordat, signed in Bogotá on the same date, appears as part of it. It provides:

With Regard to Article VII:

I. In accordance with the law in force in the Colombian State, the registration of a canonical marriage not registered in the [Office of the] Civil Status at the time it was performed may always be effected upon petition of either of the spouses or any person having legitimate interest in said marriage. For these purposes, the presentation of an authentic copy of the corresponding ecclesiastic certificate shall be sufficient. The death of one of the spouses shall not be an obstacle to effect said registration.

II. The civil effects of a canonical marriage that was duly registered in the [Office of the] Civil Registry shall be counted as of the date of the celebration of the canonical marriage.

3) *The law on the Civil Registry.* Decree 1260 of July 27, 1970,[3] presently governs the law on the Civil Registry. Concerning religious marriages, it provides:

*Art. 67.* Marriages performed within the country shall be registered in the corresponding office [of the Civil Status] of the place of its celebration, within the 30 days following the date of performance.

*Art. 68.* Marriages may be registered upon petition filed by any person. In any case, with regard to religious marriage, registration shall take place upon presentation of an authentic copy of the corresponding marriage act as recorded in the church registry. . . .

It may be concluded, therefore, that under the laws of Colombia in the year of 1976: (a) Catholic marriages were governed by special statute and by the provisions of a Concordat signed with the Holy See on July 12, 1973; and (b) said marriages are acknowledged by the State and produce full civil effects.

Prepared by Armando E. Gonzalez
Assistant to the Chief
Hispanic Law Division
Law Library, Library of Congress
April 1979

---

[3] *Diario Oficial,* August 5, 1970, in force as of same date.